United States District Court
Southern District of Texas
**ENTERED**
December 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORY SIERRA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-459 |
| | § | |
| TRENTIN D FARRELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Cory Sierra ("Sierra"), a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this civil action for deprivation of rights pursuant to 42 U.S.C. § 1983. Sierra names four Defendants: (1) Judge Joel B. Johnson, District Judge of the 156th Judicial District Court, San Patricio County, Texas; (2) Michael Hess, Assistant District Attorney for San Patricio County, Texas; (3) Hector Del Toro ("Del Toro"), Sierra's trial counsel; and (4) Ruben R. Lerma, Jr. ("Lerma"), Sierra's first criminal defense lawyer. (D.E. 23).

Sierra is serving a life sentence for three counts of aggravated sexual assault of a child entered on December 8, 2005 in Cause No. S-05-3072CR, in the 36th Judicial District Court, San Patricio County, Texas.[1] In this action, Sierra alleges that the Defendants each aided and abetted the others in denying Sierra his constitutional rights. Sierra alleges the following in support of this contention:

1. The state trial judge did not allow discovery of DNA evidence or allow a hearing on Sierra's request for DNA testing.
2. The state trial judge erred by allowing an expert witness for the prosecution to testify Sierra transmitted the H.I.V. virus to a juvenile victim.
3. Sierra was not allowed to challenge the array of the grand jury.

---

[1] *See Sierra v. State,* No. 13–05–769–CR, 2007 WL 2265170 (Tex. App.--Corpus Christi Aug. 9, 2007, no pet.) (mem. op., not designated for publication).

4. The state prosecutor allowed witnesses to testify falsely.
5. The state prosecutor and defense attorney withheld DNA evidence from the trial and gave the jury the false impression there was no DNA evidence.
6. The state prosecutor withheld evidence from the jury, including video recordings of statements by the victims.
7. The state prosecutor presented medical evidence that unfairly prejudiced Sierra.
8. Sierra's defense attorney (Del Toro) failed to object to certain inadmissible evidence.
9. Sierra's defense attorney (Del Toro) failed to call a defense expert at trial.
10. Sierra's defense attorney (Del Toro) failed to use DNA evidence at trial.
11. Sierra's defense attorney (Del Toro) failed to file a motion for witnesses' grand jury testimony.
12. Sierra's first lawyer (Lerma) was ineffective during pretrial preparation of the case by failing to challenge the grand jury array and failing to advise Sierra of his right to testify before the grand jury.

*See* D.E. 24 (summarizing the allegations of Sierra's amended complaint, D.E. 23).

The Court has before it Sierra's original complaint (D.E. 2), the Memorandum and Recommendations ("M&R") of the Magistrate Judge to whom this case was referred (D.E. 15), Sierra's amended complaint (D.E. 23), the Magistrate Judge's Supplemental M&R (D.E. 24), and Sierra's objections to the M&R and Supplemental M&R (D.E. 27). The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

Here, the Magistrate Judge recommended that Sierra's case be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and further, that this action be counted as a "strike" for purposes of 28 U.S.C. § 1915(g). The Magistrate Judge's reasons were: (1) Sierra's action is

barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (the Magistrate Judge notes that if Sierra were to prevail in this civil rights action, it would necessarily undermine or imply the invalidity of his conviction), and (2) Sierra's criminal defense lawyers are not state actors for the purposes of 42 U.S.C. § 1983 liability. *See* D.E. 24 at 5-7.

In *Heck v. Humphrey*, the Supreme Court clarified that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Heck*, 512 U.S. at 481. The Court held that to recover damages under 42 U.S.C. § 1983, a plaintiff must prove that conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254. *Id.* at 486-87. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Sierra objected to the M&R on several grounds. Sierra indicates that he is not "challenging his conviction or confinement according to the *Heck* standard," but rather is questioning the method of conduct used at Plaintiffs' trial to convince the jury to take away his life, liberty, or property without due process of law. (*See* D.E. 27 at 1). Sierra claims actual innocence. (*See id.*). Sierra alleges instances of prosecutorial misconduct (D.E. 27 at 2-4); ineffective assistance of counsel (Sierra alleges that Del Toro "acted with the State to conspire against Plaintiff to deprive him of his rights to secure his conviction by refusing to bring in the DNA results to contradict the State's expert witness") (D.E. 27 at 5-7); that the state court did not comply with the Sixth Amendment of the Constitution because it failed to appoint effective counsel (D.E. 27 at 8-9); and that Judge Johnson improperly failed to hold a hearing regarding DNA results. (D.E. 27 at 9). Sierra also argues that § 1983 may

cover private attorneys if they are authorized to exercise state authority. D.E. 27 at 10.

Having reviewed Sierra's amended complaint, the Supplemental M&R, and Sierra's objections, this Court finds that the *Heck* doctrine applies to the instant action. Sierra has not shown that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus, 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 486-87. As such, Sierra's claims are not cognizable under 42 U.S.C. § 1983. *See id.* at 481.

The Court declines to count the instant action as a strike for purposes of 28 U.S.C. § 1915(g).

Accordingly, it is hereby **ORDERED** that this action be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. The Court further **DIRECTS** the Clerk to close the case.

SIGNED this 30th day of December, 2016.

_____
Hilda Tagle
Senior United States District Judge