UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CORY SIERRA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-459 |
| | § | |
| TRENTIN D FARRELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 2, 6).[1] Pending is his motion for appointment of counsel. (D.E. 31). No constitutional right to appointment of counsel exists in civil rights cases. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "exceptional circumstances" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately

---

[1] Plaintiff now states the instant case is a habeas action filed pursuant to 28 U.S.C. § 2254. Plaintiff's characterization for the first time that this case is a habeas action is inconsistent with all of his previous pleadings and the undersigned will not construe his case as such at this stage.

the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); accord *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. In this action, Plaintiff attempted to raise claims against the state prosecutor, trial judge and his criminal defense lawyers. On December 30, 2016, Plaintiff's claims were dismissed on screening for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 28).

For the foregoing reasons, Plaintiff's motion for appointed counsel (D.E. 31) is DENIED without prejudice.

ORDERED this 17th day of May, 2017.

_____
Jason B. Libby
United States Magistrate Judge